IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PETER BROWN,<br>PETER BROWN II,<br>LASHAWN BELL,<br>TITUS CARTER,<br>SACOREY CUNNINGHAM,<br>BAILEY DUBOIS, AND<br>CALVERT MCCOLLUM<br><br>    Plaintiffs,<br><br>vs.<br><br>STRIVE FOR SAFETY, INC.,<br><br>    Defendant. | Case No: |

## COMPLAINT

Comes now the Plaintiffs, Peter Brown, Peter Brown II, LaShawn Bell, Titus Carter, Sacorey Cunningham, Bailey Dubois, and Calvert McCollum, by and through counsel and for cause of action will respectfully show to the Court as follows:

### NATURE OF SUIT

1. This action is brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 et seq. (hereinafter the "Fair Labor Standards Act" or "FLSA"). The Fair Labor Standards Act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which he is

1

employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207 (a)).

2.  Defendant violated the FLSA by failing to pay Plaintiff the required minimum wage rate under the FLSA and at time and one-half his regular rate of pay for all hours worked within a workweek in excess of forty hours. Plaintiff seeks payment for unpaid overtime work and liquidated damages that she was deprived of due to Defendant's violations of the Fair Labor Standards Act.

## JURISDICTION and VENUE

3.  This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), and the claim raises a federal question pursuant to 28 U.S.C. §1331.

4.  The acts complained of took place in Middle Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.  Plaintiff, Peter Brown (hereinafter "Plaintiff" or "Mr. Brown"), is a former employee of Strive for Safety, Inc. (hereinafter "Defendant" or "Employer"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

6.  Plaintiff, Peter Brown II (hereinafter "Plaintiff" or "Mr. Brown II"), is a former employee of Strive for Safety, Inc. (hereinafter "Defendant" or "Employer"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

7.  Plaintiff, LaShawn Bell (hereinafter "Plaintiff" or "Mr. Bell"), is a former employee of Strive for Safety, Inc. (hereinafter "Defendant" or "Employer"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

8. Plaintiff, Titus Carter (hereinafter "Plaintiff" or "Mr. Carter"), is a former employee of Strive for Safety, Inc. (hereinafter "Defendant" or "Employer"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

9. Plaintiff, Sacorey Cunningham (hereinafter "Plaintiff" or "Mr. Cunningham"), is a former employee of Strive for Safety, Inc. (hereinafter "Defendant" or "Employer"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

10. Plaintiff, Bailey Dubois (hereinafter "Plaintiff" or "Mr. Dubois"), is a former employee of Strive for Safety, Inc. (hereinafter "Defendant" or "Employer"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

11. Plaintiff, Calvert McCollum (hereinafter "Plaintiff" or "Mr. McCollum"), is a former employee of Strive for Safety, Inc. (hereinafter "Defendant" or "Employer"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

12. The Defendant is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

13. Defendant comprises an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

14. On information and belief, Defendant has done in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

15. The Plaintiffs are engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of their employment with Defendant.

## FACTUAL ALLEGATIONS

10. Plaintiffs are residents of the State of Tennessee.

11. Plaintiffs began their employment with Defendant between December 2023 and February 2024 as a Security Guard, except for Mr. Peter Brown II who started working for Defendant in October 2022.

12. In their positions, Plaintiffs' job duties included providing security services to grocery stores, night clubs, and other venues.

13. Plaintiffs were required to wear a company uniform while on duty.

14. Plaintiffs were instructed where to report and for how long to stay, with no choice in their assignments.

15. Plaintiffs authorized to drive for work were required to use a company car for that purpose.

16. Plaintiffs were paid an hourly wage for work performed.

17. Throughout their employment, Plaintiffs were routinely scheduled and contracted to work over forty (40) hours per week.

18. Plaintiffs would be scheduled to work twelve-hour (12) overnight shifts six (6) days per week.

19. Plaintiffs routinely worked between fifty-nine (59) and seventy-two (72) hours each week.

20. Plaintiffs were not paid an additional overtime wage for hours worked in excess of forty (40) hours in one work week.

21. Plaintiff's job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 USC § 201 *et seq*.

22. In September 2024, Defendant's CEO sent a message to all employees stating that they were aware of rumors ostensibly related to overtime payments and potential lawsuits.

23. In the same message, Defendant's CEO threatened, "I am the wrong person to mess with, ask other companies that already tried. But for the snakes out here that are too scared to face me face to face, I will deal with you the same way I deal with other snakes :)"

24. In a subsequent message that same day, Defendant terminated Mr. Brown, Mr. Brown II, and Mr. McCollum.

25. In the same message, Defendant stated that "affiliation" with any of those three Plaintiffs would lead to termination.

26. The Defendant willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay any overtime for any of the overtime hours worked by the Plaintiffs.

27. Defendant terminated Plaintiffs due to their engaging in a protected activity under 29 U.S.C. § 215.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

28. Plaintiffs hereby re-alleges the foregoing paragraphs as though fully set forth herein.

29. Plaintiffs were entitled to the FLSA's protections.

30. Defendant is an employer covered by the FLSA.

31. Defendant willfully failed to compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular hourly rate for all hours worked in excess of forty (40) hours for Defendant.

32. Defendant, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

## COUNT II – FAIR LABOR STANDARDS ACT RETALIATION

33. Plaintiffs hereby re-alleges the foregoing paragraphs as though fully set forth herein

34. Plaintiffs engaged in a protected activity when they sought legal representation for an FLSA claim against Defendant.

35. Defendant became aware of Plaintiffs' intention to pursue relief under the FLSA through its employees.

36. After hearing of Plaintiffs' intent to pursue an overtime claim, Defendant terminated Plaintiffs.

37. Defendant threatened and retaliated against other Plaintiffs regarding their communication with the Plaintiffs who initially inquired about legal options.

38. There is a causal connection between Plaintiffs' intent to pursue an FLSA claim and Plaintiffs' termination, as evidenced by the temporal proximity between the two.

39. Any other reasons proffered by Defendant are pretext.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of overtime wages that Plaintiff should have received under the Fair Labor Standards Act but for Defendant's willful violation of their rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

(2) all reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(3) all amounts of wages, including overtime, earned by Plaintiff;

(4) attorney fees, interest and costs; and

(5) any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT & COMMERCE LAW GROUP**

*/s/ Zachary Walker Brown*
**Jonathan A. Street, BPR No. 021712**
**Zachary W. Brown, BPR No. 037509**
1625 Broadway, Suite 601
Nashville, TN 37203
(615) 850-0632

*Attorneys for Plaintiff*

7