**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **PETER BROWN *et al*** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | |
| **STRIVE FOR SAFETY, INC** | ) | **Case No. 3:25-CV-00893** |
| | ) | |
| **Defendant/Counterclaim Plaintiff** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | |
| **PETER BROWN II,** | ) | |
| **ABSOLUTE PROTECTION AGENCY, LLC,** | ) | |
| **LLC, and JASON CROWNOVER** | ) | |
| **Counterclaim Defendants** | ) | |

---

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

---

Pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, Counterclaim Defendants Jason Crownover and Absolute Protection Agency, LLC respectfully move this Court to dismiss this case with prejudice for lack of subject matter jurisdiction and states:

## LEGAL STANDARD APPLICABLE TO RULE 12(B)(1) MOTIONS

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "That jurisdiction extends only to cases that the Constitution and

Congress have empowered the federal courts to resolve." DHSC, LLC v. Cal. Nurses Ass'n, 700 F. App'x 466, 470 (6th Cir. 2017).

The party bringing a claim "has the burden of proving jurisdiction to survive a motion to dismiss." Id. "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." Collins v. Toledo Blade, No. 23-cv-00302, 2024 WL 1094613, at *3 (N.D. Ohio Mar. 13, 2024) (Carr, J.) (quoting Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007)). I have previously explained the differences between these two types of attack:

"When reviewing a facial attack," which challenges the sufficiency of the allegations, "a district court takes the allegations in the complaint as true" and, "[i]f those allegations establish federal claims, jurisdiction exists." But where a defendant makes a factual attack, a court does not presume the complaint's allegations are true. Rather, the party invoking the court's jurisdiction must introduce evidence supporting federal jurisdiction, and the court must weigh the evidence and decide whether jurisdiction is secure.

Vantu v. Echo Recovery, L.L.C., 85 F. Supp. 3d 939, 941-42 (N.D. Ohio 2015) (Carr, J.) (citations omitted) (quoting Gentek, 491 F.3d at 330).

§ 1331 gives federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." § 1331. "A claim arises under federal law. . . when the cause of action is (1) created by a federal statute or (2) presents a substantial question of federal law." Miller v. Bruenger, 949 F.3d 986, 991 (6th Cir. 2020).

For a federal statute to create a cause of action, that cause of action must exist "either expressly in the text of the statute, or as a direct implication of that text." Id.

Alternatively, an underlying state-law claim raises a substantial question of federal law where "(1) `[that] state-law claim necessarily raise[s] a stated federal issue,' (2) that is `actually disputed and substantial,' (3) `which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" Est. of Cornell v. Bayview Loan Servicing, LLC, 908 F.3d 1008, 1014 (6th Cir. 2018) (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)).

§ 1367 provides for federal-court jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a). To meet this standard,

additional claims "must derive from a common nucleus of operative fact." Kubala v. Smith, 984 F.3d 1132, 1137 (6th Cir. 2021) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

I have previously explained that "[o]perative facts are facts that are relevant to the resolution of the claim." Corpas v. Essex, No. 20-cv-1806, 2021 WL 1555004, at *2 (N.D. Ohio Mar. 8, 2021) (Carr, J.) (quoting Vogel v. Ne. Ohio Media Grp. LLC, No. 17-cv-272, 2017 WL 3157920, at *1 (N.D. Ohio July 25, 2017) (Boyko, J.)). "Where the evidence needed to prove one claim differs materially from that needed to prove the purportedly supplemental claim, the claims do not derive from a common nucleus of operative facts." Id.

## JURISDICTION UNDER FLSA

The FLSA creates two causes of action. First, the FLSA allows employees to recover unpaid overtime wages "at one and one-half times 830*830 their regular rate for each hour above 40 worked in a workweek." Sec'y of Lab. v. Timberline S., LLC, 925 F.3d 838, 843 (6th Cir. 2019). However, only "certain employees" qualify for relief because several exemptions bar FLSA wage claims. Id. at 843, 850. In overtime wage litigation, the "employer bears the burden of proving that it qualifies for a claimed exemption," and courts "give FLSA exemptions a fair, rather than a narrow, reading." Id. at 850.

The FLSA also creates a cause of action for employer retaliation. Under the FLSA it is "unlawful" for an employer "to discharge or in any other manner discriminate against" an employee or a former employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215; see also Adair v. Charter Cty. of Wayne, 452 F.3d 482, 489 (6th Cir. 2006); Green v. Sparta Veterinary Servs., LLC, No. 2:16-00012, 2016 WL 10720466, at *3 (M.D. Tenn. Aug. 24, 2016) (noting that a "former employee" is protected by the FLSA's anti-retaliation provision).

## LEGAL ANALYSIS

Using only the pleadings of Counterclaim Plaintiff Striver For Safety, LLC, Counterclaim Defendants will demonstrate why there is no subject matter jurisdiction on this matter:

**THE PARTIES SECTION ADMITS THAT STRIVE FOR SAFETY, LLC, JASON CROWNOVER AND ABSOLUTE PROTECTION ACADEMY, LLC ARE ALL RESIDENTS OF TENNESSEE AND FAIL TO STATE DAMAGES ARE IN EXCESS OF $75,000**

Strive For Safety does not claim the Court has jurisdiction under 28 USC §1332, but it is worth noting that all parties are Tennessee residents or businesses by their own pleadings, and their ad damnum clause fails to state an amount at all, much less an amount in excess of $75,000.

**STRIVE FOR SAFETY SAYS THAT THE COURT HAS JURISDICTION PURSUANT TO 28 USC §1331**

By claiming that the Court has jurisdiction under 28 USC §1331, Counterclaim Plaintiff is saying that the claims against Counterclaim Defendants are " (1) created by a federal statute or (2) presents a substantial question of federal law." *Miller v. Bruenger, 949 F.3d 986, 991 (6th Cir. 2020).* For the FLSA to create a cause of action that allows Counterclaim Plaintiff to sue Mr. Crownover and Absolute Protection Agency, LLC " that cause of action must exist "either expressly in the text of the statute, or as a direct implication of that text." *Miller v. Bruenger, 949 F.3d 986, 991 (6th Cir. 2020). "* But the FLSA clearly only creates two causes of action, to recover unpaid wages *Sec'y of Lab. v. Timberline S., LLC, 925 F.3d 838, 843 (6th Cir. 2019)*, and address employer retaliation. *29 U.S.C. § 215*.

Relying on the FLSA to add Counterclaim defendants who never worked for them, and as such CANNOT have an FLSA claim with them at all is a bold attempt at a workaround to join the parties to a suit in this Court and an erroneous application of existing law. Additionally it is clear that the FLSA does not create a cause of action for the tort claims made in the pleadings.

**STRIVE FOR SAFETY CLAIMS THAT THE COUNTERCLAIM STEMS FROM THE SAME TRANSACTIONS, OCCURENCES, AND OPERATIVE FACTS**

Strive For Safety also invokes 28 USC §1367(a) stating “the counterclaims are so related to the FLSA in the underlying action that they form part of the same case or controversy under Article III of the United States Constitution” and that “they are tightly intertwined with the factual issues central to Plaintiffs’ FLSA claims.”

The pleadings from Brown, et al, deal with a failure of Strive For Safety, Inc to pay overtime and wages to its employees. The Counterclaim is a laundry list of torts such as intentional interference of business relationships and contracts, conspiracy, breach of duty of loyalty, breach of fiduciary duty among others. This is a perfect example of having two claims "Where the evidence needed to prove one claim differs materially from that needed to prove the purportedly supplemental claim” *Corpas v. Essex, No. 20-cv-1806, 2021 WL 1555004, at *2 (N.D. Ohio Mar. 8, 2021)*, and as such “the claims do not derive from a common nucleus of operative facts." *Id.*

It is also difficult to reconcile the assertion that there can be a counterclaim stemming from the original facts in a FLSA matter by adding a defendant who was not, and has never been an employee of Strive For Safety, not that the legal analysis changes much if they had been, as it is simply not logical to conflate a wages and hours claim with torts like conspiracy, and interference of business relationships and contracts.

## CONCLUSION

"When reviewing a facial attack," which challenges the sufficiency of the allegations, "a district court takes the allegations in the complaint as true" and, "[i]f those allegations establish federal claims, jurisdiction exists." *Vantu v. Echo Recovery, L.L.C., 85 F. Supp. 3d 939, 941-42 (N.D. Ohio 2015) (Carr, J.) (citations omitted) (quoting Gentek, 491 F.3d at 330)*. By Strive For Safety, INCs’ own pleadings there is no subject matter jurisdiction to hear this matter in federal court. For these reasons, Counterclaim Defendants Jason Crownover and Absolute Protection Agency pray for the Court to dismiss the counterclaim of Strive For Safety, LLC, and award attorneys fees for the defense of this Counterclaim.

__/S/ J E HAMILTON___
J.E. HAMILTON
Email jehamiltonlaw@gmail.com
601-550-7359
Attorney for Jason Crownover and Absolute
Protection Agency, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served upon all parties via US Mail this the 9th day of March, 2026.

__/S/ J E HAMILTON___
**J.E. HAMILTON**